UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELLE B.,[1]

                              Plaintiff,              Case # 20-CV-861-FPG

v.                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff Michelle B. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). *See also Smith v. Berryhill*, 139 S. Ct. 1765 (2019).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 17, 19. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In December 2016, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). ECF No. 12 at 132, 149. She alleged disability since May 2016 due due to a number of physical and mental impairments. *Id.* On February 1, 2019, Administrative

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

Law Judge Stephen Cordovani ("the ALJ") issued a decision finding that Plaintiff is not disabled. *Id.* at 58-73.

Generally, a claimant may appeal an ALJ's decision to the Appeals Council within sixty days of receipt of the ALJ's decision. *See* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)(1). "Under the regulations, notice is presumed received five days after the date of the decision," *McIntosh v. Comm'r of Soc. Sec.*, No. 19-CV-5362, 2021 WL 826252, at *3 (E.DN.Y. Mar. 4, 2021) (citing regulations), which in Plaintiff's case would have been February 11, 2019. ECF No. 12 at 30.

On June 7, 2019—more than ninety days after the presumed "receipt" date—Plaintiff filed an appeal with the Appeals Council. Included with the appeal was an affidavit from Plaintiff's counsel. ECF No. 12 at 28. Counsel averred that neither her office nor Plaintiff had received a copy of the decision at the time it was issued; it was not until May 10, 2019, when Plaintiff called the SSA, that they learned of the decision. *Id.* Counsel's firm requested a copy of the decision, which the SSA sent by fax on May 15, 2019. *See id.* at 29. On the same day, Plaintiff received a copy of the decision by mail. *Id.* at 28. In light of these events, counsel requested that the Appeals Council accept the late filing because there was good cause for the delay—namely, the SSA's "error" in "not sending a copy of the [decision] to me or to my client." *Id.*

On June 20, 2019, the Appeals Council responded to Plaintiff's request, stating that the appeal was late under the presumed "receipt" date. ECF No. 12 at 22. It also noted, "There is a statement [included with the appeal] but no other information about why you did not file the appeal on time. Please send us any evidence that supports your explanation." *Id.* Later in the letter, the Appeals Council emphasizes again that Plaintiff should "send [] a statement showing the reason(s) why you did not file [a timely] request," along with "any evidence that supports your explanation." *Id.*

On July 2, 2019, Plaintiff's counsel submitted a letter and restated that neither she nor Plaintiff had received a copy of the decision "until May 15, 2019," by which time they had "missed the 60 day deadline to appeal the decision." *Id.* Besides that unsworn letter, Plaintiff did not submit any additional evidence to support her claim.

On April 8, 2020, the Appeals Council issued a decision dismissing Plaintiff's request for review because she had not shown good cause for missing the filing deadline. ECF No. 12 at 15. It observed that counsel had claimed that "their office did not receive the decision until May 15, 2019." *Id.* The Appeals Council rejected this explanation because "neither the claimant nor [counsel] provided any documentation to show the decision was received more than five days after the date on the notice." *Id.* Because it found no good cause to extend the filing deadline, the Appeals Council dismissed Plaintiff's administrative appeal. *Id.*

On June 11, 2020, the Appeals Council issued another decision, restating its finding that Plaintiff had not shown good cause. *Id.* at 9-10. On July 9, 2020, Plaintiff filed the present action. ECF No. 1.

## DISCUSSION

Plaintiff's appeal presents a narrow issue: whether the Appeals Council erred in dismissing her request for review. Plaintiff argues that she presented sufficient evidence to show either that the notice of the ALJ's decision was not received within the default five-day period, or that there was good cause for the untimely filing. ECF No. 17-1 at 4-7. She asserts that the Appeals Council erred in concluding otherwise. The Court disagrees.

As stated, a claimant may appeal an ALJ's decision to the Appeals Council within sixty days of receipt of the ALJ's decision, *see* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)(1), which is presumed to occur "five days after the date of the decision." *McIntosh*, 2021 WL 826252, at *3.

Plaintiff does not dispute that, under these default rules, her request for review could properly be dismissed as untimely.

To avoid that bar, Plaintiff relies on two provisions. The first is contained in Sections 404.901 and 416.1401, which provide that the date of receipt is defined as "5 days after the date on the notice [of the ALJ's decision], *unless you show us that you did not receive it within the 5– day period.*" 20 C.F.R. §§ 404.901, 416.1401. "The presumption of receipt may be rebutted only by a 'reasonable showing to the contrary.'" *Lee v. Comm'r of Soc. Sec.*, No. 19-CV-953, 2020 WL 6636403, at *2 (W.D.N.Y. Nov. 12, 2020) (quoting *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)). A claimant must "do more than merely assert that he did not receive the notice within five days." *McIntosh*, 2021 WL 826252, at *3 (collecting cases); *see also Velez v. Apfel*, 229 F.3d 1136, 2000 WL 1506193, at *1 (2d Cir. 2000) (table op.) (finding claimant's "conclusory allegation" of nonreceipt insufficient). Instead, the claimant must "present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." *McIntosh*, 2021 WL 826252, at *3; *see also Lee*, 2020 WL 6636403, at *4 (requiring "objective evidence" to "rebut the presumption of receipt").

The second provision permits a claimant to file her request for review beyond the default deadline where there is "good cause" for the delay. 20 C.F.R. §§ 404.911(a), 416.1411(a). Under the regulations, "good cause" includes a situation in which the claimant "did not receive notice of the determination or decision." *Id.* §§ 404.911(b)(7), 416.1411(b)(7). "[I]t is the claimant's burden to show good cause," a burden which the claimant may fail to meet if she does not "present any [corroborating] documentation regarding her untimely filing." *Jacqueline E. v. Saul*, No. 17-CV-414, 2020 WL 1234949, at *5 (W.D.N.Y. Mar. 13, 2020) (internal quotation marks, brackets, and ellipsis omitted).

For both provisions, the district court's review is narrow.  "When considering whether the Appeals Council erred in dismissing a claimant's request for review, the standard of review as to an overall conclusion by the Commissioner is abuse of discretion, and substantial evidence as to any fact." *Lee*, 2020 WL 6636403, at *3 (internal quotation marks, brackets, and ellipsis omitted); *see also Smith*, 139 S. Ct. at 1779 n.19.  Thus, "even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Lee*, 2020 WL 6636403, at *3.

In this case, Plaintiff did not present sufficient objective evidence of nonreceipt, and therefore the Appeals Council did not abuse its discretion when it adhered to the presumed receipt date and declined to find good cause for an extension.  Plaintiff's evidence consisted of (1) a fax from the SSA, and (2) an affidavit from Plaintiff's counsel, averring that neither Plaintiff nor counsel's office had received the notice prior to May 15, 2019.  ECF No. 12 at 28-29; *see also* ECF No. 17-1 at 6.  The Appeals Council could reasonably conclude that this evidence did not provide sufficient support for Plaintiff's claim of nonreceipt.

The fax does indicate that a copy of the decision was sent to counsel's office on May 15, 2019, which is arguably consistent with Plaintiff's narrative of the events.[2]  But although the fax "is *consistent* with non-receipt of the notice, it does little or nothing to *prove* it." *Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390, 391 (2d Cir. 2011) (summary order) (emphasis added).  The fax shows that counsel's office inquired about and requested a copy of the ALJ's decision, but it does not illuminate whether the SSA had previously failed to send, and/or Plaintiff and her

---

[2] However, in the fax, the SSA representative also states that a copy of the notice had been "re-mailed" to counsel's office on May 10, 2019.  ECF No. 12 at 29.  The use of the term "re-mailed" suggests that the SSA had previously mailed a copy of the decision to counsel, contrary to Plaintiff's version of events.  *Id.*

counsel had previously failed to receive, a notice of decision within the usual five-day period. *Accord Liranzo*, 411 F. App'x at 391; *Otero v. Comm'r of Soc. Sec.*, No. 12-CV-1434, 2013 WL 1934074, at *4 (E.D.N.Y. May 8, 2013).

Likewise, the Appeals Council could reasonably find counsel's affidavit deficient. A "conclusory statement[] [by] Plaintiff's attorney . . . do[es] not provide objective evidence to rebut the presumption of receipt." *Lee*, 2020 WL 6636403, at *4. In the affidavit, counsel simply asserts that neither her office nor Plaintiff received a copy of the notice until May 2019. *See* ECF No. 12 at 28. That is the sort of bare assertion that is insufficient to rebut the presumption of receipt. Furthermore, although counsel generally references the fact that her firm uses case management software ("Prevail") to track "all documents sent and received" in "every case [the firm] handle[s]," *id.*, she does not proffer corroborating details about (a) how exactly the firm handles mailings from the SSA and records them in Prevail; (b) whether that process was followed with respect to materials sent and received in Plaintiff's case; and (c) what the Prevail system actually shows with respect to materials received regarding Plaintiff's case. *Cf. Mack v. Comm'r of Soc. Sec.*, No. 18-CV-974, 2019 WL 2422866, at *3 (W.D.N.Y. June 10, 2019) (presumption of receipt rebutted where plaintiff submitted screenshots of case management system and "two affirmations of [firm] employees," which "contained an explanation of their office's general policy of handling all incoming mail, and described in detail procedures used to process mail related to plaintiff's matter through their case management system").

For these reasons, the Appeals Council could reasonably conclude that the evidence presented was insufficient. In this respect, it is worth noting that Plaintiff has not identified any other irregularities concerning her receipt of materials from the SSA. All of the correspondence that Plaintiff received correctly identifies her address and counsel's address, *see, e.g.*, ECF No. 12

at 16, 22, 24, 30, 32, and Plaintiff does not dispute that she received all of these notices except for the original notice of the ALJ's decision.  Under the circumstances, and based on the evidence proffered by Plaintiff, the Appeals Council did not abuse its discretion in dismissing Plaintiff's untimely request for review and in declining to find extenuating circumstances justifying an extension.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 19) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 11, 2022
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York